Gittel Gordon
Law Office of Gittel Gordon
State Bar #65979
P.O. Box 950
La Jolla, CA 92038
(858) 459-2410 Phone
(858) 750-3603 Facsimile
Attorney for Silva Mamigonian

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Silva Mamigonian ) Case No.:
)
MOTION FOR EMERGENCY ) Petition for Writ of Habeas Corpus
)
Petitioner, ) Injunctive and Declaratory Relief
)
v. ) Mandamus
)
) Judge:
Respondents )
Michael Biggs, Field Office Director, )
Citizenship Immigration Services(CIS),
Department of Homeland Security,
Sacramento;
Timothy Aitken, Field Office Director, Bureau
of Immigration and Custom Enforcement (ICE)
Department of Homeland Security,
Sacramento;
Susan Curda, District Director, Sacramento
John Morton, Director of ICE;
Alejandro Ayorkas, Director of CIS;
Janet Napolitano, Secretary of the United
States Department of Homeland Security;
Eric H. Holder Jr., Attorney General of the
United States,

MAMIGONIAN: PETITION FOR WRIT OF HABEAS CORPUS, INJUNCTIVE AND DECLARATORY

RELIEF, MANDAMUS AND TEMPORARY RESTRAINING ORDER - 1

# PETITION FOR WRIT OF HABEAS CORPUS, INJUNCTIVE AND DECLARATORY RELIEF, AND MANDAMUS

This is a Petition for a Writ of Habeas Corpus, Injunctive And Declaratory Relief, And Mandamus filed on behalf of Silva Mamigonian seeking declaratory and injunctive relief to remedy the wrongful execution of her deportation while she has a pending application for adjustment of status, she has a right to proper adjudication of her application for adjustment of status, the wrongful denials of her prior applications for adjustment of status, and the wrongful delay in processing her pending application for adjustment of status.

## I. CUSTODY

1. Petitioner is subject to a final order of Deportation, and scheduled for removal on February 17, 2011. Individuals subject to a final order of removal are considered "in custody" for purposes of the habeas corpus statute. Rosales v. ICE, 426 F.3d 733, 734-36 (5th Cir. 2005). Simmonds v. INS, 326 F.3d 351, 354 (2d Cir. 2003); Aguilera v. Kirkpatrick, 241 F.3d 1286, 1291 (10th Cir. 2001); Mustata v. U.S. Dep't of Justice, 179 F.3d 1017, 1021 n. 4 (6th Cir. 1999); Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995).

## II. JURISDICTION

2. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570. This Court has jurisdiction under 28 U.S.C. 2241, Art. I, § 9, cl. 2 of the United States Constitution ("Suspension Clause") and 28 U.S.C. § 1331, as Petitioner is presently subject to a final order of removal under color of authority of the United States, and scheduled to be deported on February 17, 2011. The execution of the deportation order is in violation of the U.S. Constitution, laws, regulations, or treaties of the United States. This Court may grant relief

pursuant to 28 U.S.C. § 2241, and the All Writs Act, 28 U.S.C. § 2253 (a) (1999). Jurisdiction for Mandamus arises under 28 U.S.C. § 1361, The Federal Question Jurisdiction of 28 U.S.C. § 1331, 5 U.S.C. §§ 555(b) and 706(1) (2), § 704 of the Administrative Procedure Act.

### III. VENUE

3. Venue lies in the United States District Court for the Eastern District of California, the judicial district in which Respondent Silva Mamigonian resides, and in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(e).

### IV. PARTIES

4. Petitioner Silva Mamigonian is an Armenian national who came to the United States on or about.

5. Respondents are Michael Biggs, Field Office Director of Citizenship Immigration Services(CIS) of the Department of Homeland Security in Sacramento; Timothy Aitken, Field Office Director in the Department of Homeland Security of Sacramento; Susan Curda, District Director of Sacramento; John Morton, Director of ICE; Alejandro Ayorkas, Director of CIS; Janet Napolitano, Secretary of the United States Department of Homeland Security and Eric H. Holder Jr., Attorney General of the United States.

### V. STATEMENT OF FACTS

A. Introduction

Silva is a wife and mother of American citizen, with an approved I-130, rendering her eligible for adjustment of status to lawful permanent resident. She has an unexecuted deportation order, which is not a bar to adjustment of status to lawful permanent residence. She would not be presently deportable, but for the refusal of the CIS to properly adjudicate her petition for adjustment of status. The CIS has improperly denied her adjustment application on two prior occasions, and failed to adjudicate a third application, over a period of five years. The third

application for permanent residence has been pending since October, 2010. CIS has failed and refused to adjudicate this application on an expeditious or expedited basis, despite the fact that ICE plans to deport Silva February 17, 2011. ICE has refused to extend a stay of deportation for Silva. ICE has ordered Silva to report for deportation and has all documents and tickets ready for her deportation on February 17, 2011 (Exhibit 1). We also believe, as we have outlined in this brief, and in the attached declaration of Gittel Gordon, that CIS plans to egregiously and illegally deny the pending 485-based on charges that an Immigration Judge has already rejected in a final order- the minute that ICE is ready to execute the deportation order, thereby thwarting and cutting off all of Respondent's rights to a proper full and fair adjudication, and to the protection of this Court, and higher Courts: thereby condemning Respondent to a lifetime inability to reenter the United States to rejoin her American citizen husband and children.

## FACTS

Silva Mamigonian is the spouse of an American citizen, Mr. Nshan Simonyan, and she has an approved I-130. In addition, she is the mother of two American citizen children: (Maxim Simonyan(12/12/2002) and Michael Simonyan (3/10/2006). Silva has no record of criminal activity or fraud, and no negative issues to bar this motion. Silva applied to adjust her status on 10/13/2006. Her application was erroneously denied by CIS on the basis that she had made a false claim to citizenship. Thereafter, in removal proceedings held before the Immigration Judge on June 26, 2009, the government attempted to charge Ms. Mamigonian with the violation of : Section 212(a)(6)(C)(i): fraud or willful misrepresentation of a material fact to procure a visa; violation of Section 212(a)(8)(C)(ii): falsely representing citizenship; and violation of section 212(a)(7)(A)(i)(l): not in possession of a valid entry document. The Immigration Court found that that neither of the first two charges could be sustained (See Exhibit 9). The Court specifically stated that, "…the Court does not conclude that the respondent falsely represented herself to be a United States citizen…, ", and further that, " The Court does not sustain the

1  charge that the respondent procured a benefit under the Act by fraud or material
2  misrepresentation. This Court found that Silva was not in possession of a valid entry document at
3  entry, and ordered her deported. A subsequent I-485 was filed on Silva's behalf, and was also
4  erroneously denied. We enclose in (Exhibit 7), the notice of decision of December 4, 2009,
5  denying a subsequent I--485 which was filed on July 30, 2009. The denial states that Silva is
6  ineligible to apply for adjustment of status because she was ordered removed. This finding is also
7  contrary to law, as discussed below. Despite that order of deportation, Silva, the spouse of an
8  American citizen, was, and still is, eligible for an adjustment of status to legal resident. On
9  January 10, 2010, Respondent filed a Motion to Reopen Sua Sponte with the Immigration Judge,
10 to allow for the proper process of her adjustment of status application. The motion was denied.
11 On August 6, 2010, Respondent was forcefully pulled from her home, her American citizen
12 husband and babies, and put in detention, and threatened with imminent deportation. Silva was
13 taken into custody in preparation for deportation. After retaining present counsel, a Request for
14 Stay of Deportation was filed with DHS, and Silva was released from custody to be with her
15 family, and granted a temporary Stay of Deportation until January. Counsel herein then
16 submitted a request for a Joint Motion to Reopen and Terminate to the Chief Counsel. However,
17 Chief Counsel denied the request for a joint motion (Exhibit 10). The basis for the denial, (see
18 Declaration of Gittel Gordon, Exhibit 2), was that the original I-485 was denied because of a
19 false claim to citizenship. As attested to by the declaration of Gittel Gordon herein, the Chief
20 Counsel stated that she believed that the CIS was correct in denying the I-485 because of a false
21 claim to citizenship, despite the fact that the Immigration Court had found to the contrary, that
22 there was no false claim of citizenship. A request for review of this decision by the ICE Office of
23 the Principal Legal Advisor was also denied (see Exhibit 11). A third I-485 was filed in October
24 2010, and is still pending (Exhibit 16), despite repeated requests and attempts, by e-mail and by
25 telephone, to get the CIS to expedite and adjudicate the adjustment of status (see Declaration of

1  Gittel Gordon, Current Exhibit 2, and copies of correspondence CIS, (Current Exhibit 13)). The
2  response CIS is only that the case is "open". (Ibid). Apparently, because of the strenuous
3  arguments of Respondent's current counsel, pointing out CIS wrongfully denied Silva's first and
4  second application for adjustment of status: CIS re-opened the second application on its own
5  initiative (notice was given to Respondent, but not to current counsel-( see Current Exhibit 2 and
6  7) and then denied the application a second time. Despite counsel's complaints, CIS refused to
7  furnish Counsel with a copy of the reopening and subsequent re- denial of this case ( See Current
8  Exhibit 7 ). Moreover, CIS did not release a copy of this denial to Respondent, or to the office of
9  Congressman Dan Lundgren, who made inquiries about this case (see Current Exhibit 14 ).
10 Repeated requests to extend Silva's Stay of Deportation have been made to the local ICE Field
11 Director, as well as the major CEOs in the ICE chain of command. ICE has refused to extend
12 the Stay of Deportation. ICE demands that Silva leave the country by February 17. In order for
13 her to stay out of custody and stay with her family, ICE required that she submit to them a ticket
14 for her to leave the country on February 17, which ICE now has. ICE has told Silver that she
15 must report to ICE on February 15, 2011, and that all paperwork for her to leave the country has
16 been prepared and will be ready for her on February 15 to leave the country (see Silva's
17 Declaration, Current Exhibit 1.) Respondent filed a Motion to Reopen with the Immigration
18 Judge, after ICE refused to join in a Motion to Reopen, and refused to extend Silva's Stay of
19 Deportation. The Motion To Reopen was denied on November 29, 2010 ((based on the fact that
20 Immigration Court has no jurisdiction to adjudicate the I-485). A timely appeal of the denial of
21 the Motion to Reopen was filed, and is pending before the Board of Immigration Appeals.
22 Although petitioner has filed a brief in that case, the government has not, and the government has
23 until late March to do so. The Board will not consider a motion for an emergency stay of
24 deportation, despite the imminent deportation; because Petitioner is not in custody (see
25 declaration of Gittel Gordon, Exhibit 2). ICE has asserted that neither ICE nor CIS Is bound by

MAMIGONIAN: PETITION FOR WRIT OF HABEAS CORPUS, INJUNCTIVE AND DECLARATORY
RELIEF, MANDAMUS AND TEMPORARY RESTRAINING ORDER - 6

the Immigration Judge's holding that Silva did not make a false claim of citizenship (See Current Exhibit 9). In defense of its plans to deport Silva, ICE issued a statement to the press, asserting that Silva was being deported because she made a false claim to citizenship. (See Current Exhibit 15). Counsel herein has been informed (See Current Exhibit 2) and believes that CIS plans to render another ultra vires and illegal denial of the pending I-485 based again on charge of a false claim to citizenship, a charge that was not sustained in Court, after which ICE will immediately execute the deportation order on February 17, 2011, in a plan to deprive this Court of jurisdiction, and deprive Silva of her right to have her adjustment of status application properly adjudicated. In addition, if Silva is thus wrongfully deported on the basis of a false claim to citizenship, she will be barred FOREVER from returning to the United States and reuniting with her family: her American citizen husband and her two small American citizen children.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. Petitioner has exhausted remedies to the extent required by law, and her only remedy is by way of this judicial action.

24. Without a pending removal proceeding, a denial of status adjustment is final because there is no appeal to a superior administrative authority. See See Chan v. Reno, 113 F.3d 1068 (9th Cir. 1997); Tang v. Reno, 77 F.3d 1194 (9th Cir. 1996); Jaa v. INS, 779 F.2d 569 (9th Cir.1986)Pinho v. Gonzalez,432 F.3d 193, 201-02 (3d Cir. 2005).

25 The motion to reopen mechanism will not provide an adequate and effective means of judicial review. The Immigration Court has no jurisdiction to adjudicate or judicially review adjudication of the Petitioners Adjustment of Status applications. Matter of Yauri, 25 I&N Dec. 103 (BIA 2009) Interim Decision #3659 (2009)

## VIII. NO OTHER RECOUTSE

6. Petitioner has no other legal recourse to redress the wrongful denial of her adjustment application, the wrongful refusal of DHS to fully and fairly adjudicate her current application, and to stop her imminent deportation.

7. The facts upon which this petition is based are derived from the Petitioners personal knowledge and from the records and decisions of the Department of Homeland Security, The Immigration Court, and the Board of Immigration Appeals, as well as the exhibits herein.

8. No Petition for Habeas Corpus has been previously filed in any court to review the decisions and actions described in this Petition.

WHEREFORE, Petitioner prays that this Court grant the following relief:

1. Assume jurisdiction over this matter.
2. Enjoin DHS from deporting Petitioner
3. Enjoin DHS from denying Petitioner's adjustment of status application for either of the two reasons Petitioner's prior applications were previously wrongfully denied
4. Enjoin DHS from taking Petitioner back into custody
5. Order DHS to approve Petitioner's adjustment of status immediately, and join in a motion to terminate her deportation case, unless DHS provides Petitioner immediately with notice and an opportunity to resolve any other purported basis for denial
6. Order DHS to issue a press release and formal retraction of its wrongful claim and press release that Petitioner made a false claim to citizenship
7. Award to Petitioner reasonable costs and attorney's fees and
8. Grant any other relief which this Court deems just and proper

Respectfully Submitted,

Dated: February 10, 2010   LAW OFFICES OF GITTEL GORDON

MAMIGONIAN: PETITION FOR WRIT OF HABEAS CORPUS, INJUNCTIVE AND DECLARATORY RELIEF, MANDAMUS AND TEMPORARY RESTRAINING ORDER - 8

_Gittel Gordon_

Gittel Gordon, Esq.